VINCENT PANARO, PLAINTIFF, v. TOWNSHIP COMMIT-
TEE OF THE TOWNSHIP OF EWING AND WILLIAM
L. NASON, CLERK OF THE TOWNSHIP OF EWING, IN
THE COUNTY OF MERCER AND STATE OF NEW JER-
SEY, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided April 3, 1951.

*Mr. Vincent Panaro, pro se.*

*Mr. George H. Bohlinger, Jr.,* attorney for defendants.

Donges, J. S. C.   Defendants in this case move for a judgment on the pleadings pursuant to *Rule* 3:12–3.

Plaintiff has instituted suit to compel the defendants to increase the number of members of its governing body from three to five members, on the ground that such increase has been required since the 1940 census.   There is no dispute as to any of the material facts.   The Township of Ewing in Mercer County has had more than 4,500 residents since the 1930 census. Plaintiff, therefore, alleges that since that time the township should have had five members of the township committee instead of three.

The statutes upon which plaintiff relies are as follows:

*R. S.* 40:146–1 which provides that the township committee shall consist of three members except where otherwise provided by law; and

*R. S.* 40:146–2 which provides that in every township having a population of more than 4,500, the township committee shall consist of five members.

The word population, of course, means the population as shown on the latest federal census, effective within this State, and is synonymous with "inhabitants." See *R. S.* 1:1–2.

If the aforementioned statutes were the only ones dealing with the present subject matter, it would be obvious that the plaintiff would be entitled to the relief he now seeks. However, in 1931, by *L.* 1931, *c.* 271 now incorporated in the *Revised Statutes* as *R. S.* 40:11–17, the Legislature passed the following act:

"The promulgation or taking effect of the federal census for the year one thousand nine hundred and thirty, or the passage of an act for the reclassification of counties of this state, shall not operate to increase or decrease the salary or compensation of any officer or employee of any county or municipality. All such officers and employees shall continue to receive salary or compensation at the rate received by them on April twenty-seventh, one thousand nine hundred and thirty one.

The promulgation or taking effect of said census shall not operate to fill, in the several counties and municipalities, any additional offices or employments, or grant any pension or increase any pension paid on the date above mentioned."

In 1940, *Chapter* 181 (*N. J. S. A.* 40:11–17.1) was passed which had the same effect with respect to the 1940 census.

The acts are sometimes referred to as the "Freeze Acts." The acts provide in clear and unmistakable language that the federal census shall not operate to fill any offices in any county or municipality. These acts have been construed with respect to the first provision of the statutes dealing with salary of officers, by our former Court of Errors and Appeals. The court held that the term "officer" includes "elective officer" within the intendment of these acts. See *Crater v. County of Somerset,* 123 *N. J. L.* 407 (*E. & A.* 1939); *Sutphen v. County of Somerset,* 123 *N. J. L.* 414 (*E. & A.* 1939); *Vail v. County of Somerset,* 123 *N. J. L.* 415 (*E. & A.* 1939). It is quite clear that the term "offices" in the second paragraph is given the same interpretation as the term "officers" in the first paragraph, and, therefore, includes elective offices such as those under consideration.

It is true, of course, that the legislative intention to alter the essence of a prior act must be expressed in language admitting of no reasonable doubt of the purpose. See *Crater v. County of Somerset, supra,* and the cases cited therein at *page* 414. However, the legislative intent is clearly manifested in *R. S.* 40 :11–17 and *N. J. S. A.* 40 :11–17.1.

It might be pointed out that *R. S.* 40 :11–17 and *N. J. S. A.* 40 :11–17.1 were amended in 1947 and 1948 to exclude certain officers from the operation of the acts. However, these amendments do not affect the offices and officers under consideration.

It is agreed that the 1950 census is not operative, so that the 1940 census is the only one under consideration.

Accordingly, the complaint will be struck and final judgment entered for defendants.